York, and Benny Santiago. In addition to personal claims for damages, Jane Doe 1 asserted the claim on behalf of all women detained at the Roseanne Singer Center, the Rikers Island that exclusively houses women. When the complaint was filed, she was a member of that class. The class claims, and her personal damages claims, were premised on the same general facts, that Singer Center women are subjected to rape and sexual abuse perpetrated by correction officers, as repeatedly was Jane Doe 1. Because of errors of law, the district court erroneously denied class certification. The court should reverse and direct that a class consisting of all women confined to the Singer Center should be certified. Just for clarity, you've twice emphasized, I think now, that the class definition that you're currently arguing for is all women detained at this particular institution, not the prior definition that's the one that the district court at first ruled on. Is that right? No, Your Honor. The prior class was pleaded, and in the argument before the district court ruled, we amended the class definition to the one I mentioned. Okay, so it's now established. That's the class definition. Yes, Your Honor. Rather than defending the district court's order, the primary argument raised by the city is that this court lacks jurisdiction. The city's position is that Jane Doe 1 voluntarily disavowed her class injunction claim. Well, there are those two footnotes, but the complaint continues to ask for injunctive relief. Yes, Your Honor. Let me step back. The complaint asserts Count 1, which is a class claim. Jane Doe 1 was a member of that class at the time the complaint was filed. As a result, under settled standing rules by the Supreme Court, she continues to have standing to assert that claim and defend the denial of class certification. The city points to a single footnote in the opening petition filed by Jane Doe 1 for 23F relief, which simply pointed out that the district court was wrong in its class certification denial in stating that Jane Doe 1 had a personal claim for injunction relief. She had personal claims, but they solely sought damages. Jane Doe 1 never disavowed her class claim. Indeed, the footnote from which everything the city asserts rests is her petition to appeal from the class certification denial. Conduct that unambiguously demonstrates that she wasn't disavowing her class claim. She was continuing to enforce it and attempt to get the class certification denial reversed. There is no fair way to say that she ever disavowed her class claim. The class claim Count 1 was taken away from her, in effect, because with the denial of certification and the fact that at that point Jane Doe 1 was no longer detained in Rikers Island as an individual litigant, she couldn't continue to pursue injunctive relief claims. Is it fair to characterize this as a distinction between two different terms of injunctions that are being sought? The individual claim that she did not assert and no longer has, having been released from Rikers, is a claim for an injunction that certain things be done for her personal benefit, while the class claim is a claim for an injunction for things that should be done for the benefit of all women prisoners, herself included as a member of the class. No, it's not about the scope of the relief that's being sought. I must say I am at a loss to understand what is the difference between the individual claim that is mooted or whatever and the class claim. She's a member of the class. She's asking for this injunctive relief. What is it that she doesn't have or that she's not asserting? All we tried to make clear, Your Honor, is that we intentionally pleaded damage claims against the city and the correction officer. And those claims which were brought only on behalf of the individual plaintiffs only sought damages. We understood from the beginning that they would be released from Rikers Island and at that moment we would no longer have standing on their individual behalf to pursue those claims. We did also understand that because Jane Doe I remained in Rikers at the time that we filed the complaint that she would have standing as a class representative to represent the class. So as a pleading matter, from the beginning, the class claim only sought injunctive relief and the personal claims only sought damages. So as a pleading matter, there was not a mix. In any event, I understand that if she had not sought class benefits and had not filed a punitive class action, she would at some point lose her standing to assert an individual claim, a claim on her own behalf for injunctive relief. I'm just not understanding what the difference is in terms of the relief that's being sought. It's the same relief either way, right? Yes, the same relief. If we're entitled to it, it's institutional reform and it would affect everybody in the same way who is in Rikers Island. That's absolutely correct. We were too fastidious. We saw an error and wanted to clarify it. That error was, we also manifested that in our opening briefs before the district court. It was just an error. Counsel, in the time remaining, which is short, could you discuss the other two reasons that the judge relied on in turning down a class certification? The potential preclusive effect of this judgment on other class members and the perceived inability to ascertain the members of the class. For both of them, the city doesn't defend those arguments whatsoever. With respect to preclusion, every circuit to address the issue, including this one, has held that a certified class asserting injunctive relief does not preclude any individual class member from bringing damages. To the extent there was a concern by the district courts it was based upon an error of law. The city doesn't deny that. With respect to ascertainability, the city also doesn't address that in their papers in an attempt to defend it. Instead, what the district court did was concerned about the fact that no decision is required and how is he to determine who would be housed in Rose M. Singer Center in the future. But a B2 class seeking institutional reform, every circuit to address that issue has not held that ascertainability is required. It's a B3 requirement, not a B2 requirement. In any event, there's no doubt that the city can ascertain who is in its jail. It will always know who is the population by definition. It knows who it is. Classes just like this one have been certified regularly. All those housed in such and such a facility. All those going to this particular school. All those being treated in this particular hospital. That's a classic definition of a civil rights action, class action seeking institutional reform. And there's no reason why that should have prevented certification in this case. Thank you. Well, you have reserved three minutes for rebuttal. We'll hear from the city. May it please the court, I'm Richard Guerin for the city. Counsel, is opposing counsel correct when he says you don't deny that the judge was wrong on the preclusive effect of the judgment on members of the class and the perceived inability to ascertain the class? Do you concede those two grounds? Not as framed. I think the judge was mistaken on some aspects of its analysis on conclusion, but not on others. And ultimately, the judge's order says Judge Hellerstein had concerns about preclusive effect. It wasn't the core basis of the ruling. I actually don't think the core basis of the ruling has been touched on, and that's what I'd really like to get to, which is the heart of the judge's ruling is no typicality, no adequacy of representation. This class with a sole proposed representative with substantial damages claims that have sharply divergent proof from the classified injunction. Why is the proof sharply divergent? Well, the biggest reason is we have a significant, I can't find an example, nor have plaintiffs cited an example of a class like this that's been certified, significant time difference. The damages claims of Jane Dewan end in late 2012. The complaint is filed in May 2015. That's two and a half years between the events that are pertinent to the claim for damages, and maybe more than two and a half years because, of course, from a Monell liability, which is the only ground for commonality that the plaintiffs have identified, we're going back to notice and response in advance of those 2012 events. That's two and a half years, and it's not just two and a half years, but it's a significant two and a half years. Doesn't that go to the merits of whether an injunction would be appropriate? No, I think it goes to the appropriateness of this representative to bring this claim for classified relief. There is no example of a case like this where we have such a sharp, the judge focused in rightly, not as a categorical matter, but on the facts of this case. It's clear if you read the judge's analysis, it's misgivings are about whether this case would work as a class action, and the judge focused on the substantiality of the damages claims and twice referenced that the proof. Now, see, you're sliding from one thing to another. The substantiality of the damages claims, let's talk about that for a minute because that's what I thought Judge Hellerstein was talking about and maybe there's something else. Is there a case that you can cite where a class representative was found not to be typical because the class representative in an injunction class had a claim for substantial damages? No, and I don't think that's enough by itself, and that's why I think the second part is critical. It's touched on by Judge Hellerstein, but I think we should elaborate at greater length on the specifics here. He touches on it at Special Appendix 9 saying the evidence will be different, touches on it again at Special Appendix 41 saying proving Monell at this specific point in time is going to be very different from proving it over a dynamic period of time for a large population, and those are both the seeds of what I'm trying to explain here. So what we have is a two-and-a-half-year gap, and we have a lot that actually happens in that two-and-a-half years. It's not just the passage of time. It's a grant, PREA rules announced by DOJ. PREA is all over this case, and the PREA rules of DOJ came out only in 2012. The city applied for a grant in 2012 to move towards PREA compliance. We have a new commissioner in 2014. We have a retention of a consultant to advise on PREA in late 2014. All of this is before the complaint is ever filed. All of this happens between the time period which will be pertinent to Jane Doe's damages claims and the time period that would be pertinent to the injunctive claim here. I think the finest point to put on it is Farmer v. Brennan, which is a case that the plaintiffs cite, a case about institutional injunctive relief, says the core of it is contemporary violations of a nature likely to continue into the future. That's got to be the focus of the proof on the claim for injunctive relief, and that is starkly different, a point that plaintiffs have never acknowledged, let alone addressed, starkly different from the proof that will be relevant to the damages claims of Jane Doe 1. One additional point on that, even the point of notice, the DOJ report that plaintiffs cite repeatedly in their complaint as evidence of the supposed and alleged widespread nature of sexual abuse at this facility, that report is issued in 2013. That report comes after the time period. I'm still not sure I understand why this is about the class rather than just about the appropriateness of injunctive relief. Suppose Jane Doe was not seeking class certification and were still incarcerated. This was a prison with long-term prisoners rather than a detention facility, and she brought a claim for damages and an injunction. Wouldn't the issues be exactly the same then? That is, you'd be saying, well, maybe we've got one set of arguments as to why she's not entitled to damages based on the way things were then. We've got another argument that she shouldn't get an injunction because even if she was entitled, did have a damages claim, we've cleaned up our act, things are different now, there's no reason to give an injunction. I agree that the arguments wouldn't be coterminous on those two forms of relief, but they wouldn't diverge as powerfully and sharply as they do here. Why? Because you're still saying the same thing. It would be the same issue. Not really. The very foundation of the Monel proof is going to have to be 2012 and earlier on the damages claim. That's the relevant period. I would argue, I think correctly, that evidence from 2012 and earlier probably isn't even admissible on the injunctive claim. The body of evidence that will be pertinent to the claims is radically different. There is no example. I concede to Your Honor, I couldn't cite an example for the broad proposition you said earlier. That's the broad proposition that Judge Hellerstein based his ruling on. I don't think so. Judge Hellerstein, I don't know that that's clear, and I think if you read the transcript in full... I did. Understood. Fair enough. And perhaps we'll never see eye-to-eye on this point. My understanding of his analysis is very much grounded in the particulars of the case before him and its appropriateness and manageability as a class action rather than making broad pronouncements on these points. But the flip side is important to look at. There is no example that plaintiffs have cited of a case like this one. Ingalls, that's their best case. That's the case they brought out before Judge Hellerstein. That's the case they come back to in their briefing here. In Ingalls, you had multiple class representatives alleging excessive force only a month or two months before the briefing on class certification. You had named representatives still in the facility at the time of the class certification ruling, and Judge Chin, then a district court, expressly pointed out both of those things in rejecting the argument that in that case the presence of damages posed a problem. He said, same theory of liability. What we have is Monell close in time. Maybe I'm quibbling, and maybe we should just move on, but it isn't then about the damages. It's about the fact that her experience is outdated. It wouldn't matter whether she had a damage claim at all, in a sense. If she was trying to say, this is the conditions, or these are the things I'm complaining about, and those things no longer existed, then you would have basically the same arguments. In part, but I do think the damages claim is relevant, and it goes to that point Judge Hellerstein made about how is this going to proceed going forward, that a plaintiff who is seeking significant damages is well positioned to litigate forcefully and vigorously that claim, but not necessarily, and this is the heart of the ruling, well positioned to litigate this class claim that's going to be future, present, or at least contemporary, as Farmer says, and looking forward. The last piece of it is this question, which Mr. Lowenthal conceded effectively, that when they filed this complaint, they knew that Jane Doe One was leaving that facility in a matter of days. Well, it's a short-term facility, isn't it? Right, but she had already pleaded guilty. She was imminently to be sentenced. She left eight days after the complaint was filed. We're talking about, at best, a peppercorn of standing on the injunctive claim, and when you lay that in the overall— I don't even understand that. Isn't that if she were—she would certainly— you're saying it's not typical because there's this future aspect, then you've cleaned up things since she was in the jail. No, you cleaned up things before. I've cited numerous events that happened intervening between the time of the alleged incidents on damages and the filing even of this complaint, and there are more events immediately in the wake of the complaint, not as a result of the complaint, but in process before that complaint was ever filed. So what we have is a PREA grant applied for and received by the city. We have the retention of a consultant. Those key things on the specific question of PREA compliance, both between the time of the allegations relevant to damages and the filing of the complaint. Immediately after the complaint, we have a report issued by that consultant. We have an announcement in the facility of unannounced rounding policy, department-wide, beginning in July of 2015. We have the NUNA's consent decree spelling out a schedule for installation of cameras, unannounced rounding in cameras, both points that the complaint returns to multiple times as what it thinks should be done in this facility. So what we have really is two starkly different cases fundamentally, and Judge Hellerstein reasonably ruled that this sole representative was not the right one to represent this class, and there is a lot of flexibility in the class action device on mootness, on standing, on relation back, and on many points, but there is a point where it breaks, and that's what Judge Hellerstein said,  and in this case, Jane Doe One wasn't the right party to represent this class. All right. Thank you, Counsel. I will ask Mr. Lowenthal about the changed conditions at Rose M. Singer. One thing we know for certain is that Judge Hellerstein was not persuaded by any of the forward-looking facts that my colleague attempts to present to this court because he specifically rejected their argument that they were doing things that would solve the problem. He specifically said that that went to the merits, to the decree he might or might not issue not to class certification. So therefore, it is abundantly clear that the only thing that he did have in mind, which is repeated throughout his transcript, is that Jane Doe One brought a damage claim. Suppose you're correct about your reading of what Judge Hellerstein said. That's sort of how I read it, but I'll go back and read it again because maybe I overlooked something. How does that affect us, and how does that affect what you're asking us to do? Suppose Mr. Deering's argument is correct. Maybe it's not the argument Judge Hellerstein relied on. Are you suggesting what we should do is send it back to Judge Hellerstein to consider or reconsider that argument, or are you saying that we should— Which it seems to me, if the city's argument is correct, we shouldn't. So don't we have to consider his argument, whether it's what Judge Hellerstein thought or not? I'm not saying not to consider their argument. Then let's talk about that, why it should be rejected, rather than whether Judge Hellerstein bought it or didn't buy it or relied on it or didn't rely on it. It could be rejected on multiple grounds. Number one, the facts, as you heard them, are largely not in the record and were not presented to Judge Hellerstein, particularly facts that they're now asserting were true prior to the filing of the complaint. What they presented to this court was a consent decree, which Judge Hellerstein properly rejected as not relevant because it concerned excessive force, not sexual abuse, a set of rules that had just been adopted, and a set of rules that to this day have not been adopted. They have been proposed. All of those go to the merits, because either those rules have satisfied the problem, in which case it's a class-wide conclusion, nothing more is needed, or they haven't satisfied the problem, in which case there needs to be a remedy. In either event, it's still appropriate for class certification, just like in a securities context, loss causation and materiality are not relevant to class certification because they, too, provide a class-wide answer. Either the institution requires reform or it does not. All class members are treated the same. Second, this notion that this case is going to be some kind of archaeological expedition that we're going to look in the past and ignore the present is just wrong. If Jane Doe One has standing, and we believe she does, what's being tried are the current conditions in Rikers Island, in the Rose M. Singer Center. She is representing the class who are currently confined. We're going to try a case based upon the discovery that took place, which ends in two weeks. That's the discovery cutoff. We're not going to try a case as the facts exist a year from now or six months from now if these proposed rules are adopted. If we prevail, Judge Hellerstein, who will have jurisdiction to issue a decree, will presumably, certainly, take into account what the institution is then doing. As to discovery, let me interrupt for a minute. What has been the scope of discovery? I thought it was just going forward on the damages claim and that the injunctive relief had been removed. So can you describe what's been happening? We have taken the discovery that we would take if we were going to try the class claim. We will not be taking any additional discovery in the event that the court certifies a class, which is what we hope the court does. Either way, and that's also part of the issue, we're going to have the same trial. We're going to be putting on evidence about how the institution was run, how it continues to be run, how there continues to be evidence of rape and sexual abuse by correction officers of women confined to this institution. None of these rules, for example, change the fact, the alarming fact, that men guard the women. An invitation, and what this court referred to in the Cash case, an expert there, is bad policy. It doesn't require a lot of logic to understand that. Further, we think state law remandates that women guard women, unless if it's a male, that there's a woman supervisor. It just obviously diminishes the possibility of what happened here. In addition, Judge Lynch, it's not enough for the city to come forward, even if they were part of the record and properly before this court, to list a series of, we're adding cameras, we're doing this, we're doing that. That's not what laid law says is necessary in order for them to show mootness. They have to show that there is no, the quotation, I think, is something that they have to show, and it's absolutely clear that the alleged wrongful behavior could not reasonably be expected to recur. Would you agree with this much, at least as far as the trial, that in order to find Monell liability on the part of the city for the individual damage claim, the plaintiff would have to persuade the fact finder that at the time that she was raped, the conditions demonstrated a policy and practice of the city that contributed to that outcome, while in order to get injunctive relief, the plaintiff would have to establish that at the present time, and that there are conditions that need remedy, and that the fact finder could conceivably find differently in either direction? I think that's correct. My only quibble is I'm not sure if it's... Why that matters. No, I understand why you're asking the question, but I'm not sure if it's the city's burden to show that the conditions have changed or it's our burden to show that the conditions as of the time being tried are themselves... Well, that might come up if the evidence was in equipoise, but in most cases it's not. But the burden of proof is a separate issue. I'm saying the ultimate fact finding, regardless of who has the burden of proof on it, would be those two different facts. Yes, it is conceivable that a jury might come out differently because of differences in time. It is conceivable. But it's not conceivable that we'll have a trial that assumes some event in the future of what new policy might be adopted, and we're supposed to take discovery and try that. We're going to try something concrete, and what we're going to try is the conditions in the jail. And there continue to be reports, even as we speak, of women being raped in the Rose M. Singer Center, and some of the amicus briefs that were submitted to the court document that this is a systemic, ongoing problem, and the city council amicus says that it is growing, not improving. We think that this is a quintessential civil rights class action seeking institutional reform. If this plaintiff, who allegedly suffered significant injury, is not entitled to be a class representative, who could possibly represent this class? Thank you. Thank you both. Lively argument. We'll reserve decision.